UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

BLAKE WINGATE,

       Plaintiff,

-v-                                      No. 05 Civ. 2001 (LTS)(HBP)

N.Y.C. DEPARTMENT OF CORRECTION
COMMISSIONERS HORN, ET AL.,

       Defendants.

------------------------------------------------------x

LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE

## MEMORANDUM OPINION AND ORDER

Blake Wingate ("Wingate" or "Plaintiff"), an inmate in the custody of the New York Department of Correctional Services ("NYDOCS"), brings this pro se action pursuant to 42 U.S.C. § 1983 against numerous officials in the NYDOCS, the New York City Board of Elections, the New York State Board of Elections, and certain members of the Federal Election Commission ("FEC") as well as the FEC's staff director, general counsel and inspector general (together with the defendant FEC members, the "Federal Defendants"), alleging that he was unconstitutionally deprived of his right to vote in the November 2004 elections. Plaintiff seeks relief in the form of compensatory damages, punitive damages, legal fees, and various forms of injunctive relief against all Defendants jointly. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1343(a)(4).

The Federal Defendants now move to dismiss Plaintiff's Complaint against them under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for summary judgment and for an order staying discovery under Rules 56 and 26(c), respectively, of the Federal Rules of Civil

Procedure. The Federal Defendants' motion papers included the Notice to Pro Se Litigant required by Local Civil Rule 56.2 of the Court and a statement of undisputed facts pursuant to Local Civil Rule 56.1. The Plaintiff filed and served a "Memorandum of Law in Support of Pro-Se Petitioner" and an "Addendum to Federal Commission of Elections" in opposition to the motion. For the following reasons, the Federal Defendants' motion is granted insofar as it seeks summary judgment in their favor. Federal Defendants' motion for an order staying discovery is denied as moot.

## BACKGROUND

### The Complaint

Plaintiff Wingate, who currently resides at the George R. Vierno Center on Rikers Island in New York City, was housed at the George Motchan Detention Center (GMDC), which is also on Rikers Island, on Election Day 2004. (Amended Complaint at 12.) In his Amended Complaint, Plaintiff alleges that he was a pre-trial detainee on Rikers Island on Election Day 2004 and thus was eligible to vote under New York state law[1]; that he was a registered voter and requested an opportunity to vote in the national presidential election on such day; and that he was informed by NYDOCS personnel that he could not vote on that date. (Id., "Facts" at 8.) It appears from the Amended Complaint and papers annexed thereto that Rikers officials make arrangements for detainees to vote by absentee ballot, but do not provide means for in-person voting, even for otherwise eligible persons who come into custody after the absentee ballot application deadline. (Id.) Plaintiff further alleges that he was thereafter transferred among the Rikers facilities to

---

[1] New York disqualifies convicted felons from registering for or voting in any election. See N.Y. McKinney's Election Law § 5-106, ¶¶ 2-4 (West 2005); see also Bell v. Wolfish, 441 U.S. 520, 535-37 (finding, inter alia, that pre-trial detainees are presumed innocent and may not be subject to "punishment" prior to a conviction of guilt.)

frustrate his attempt to pursue an administrative grievance on this issue. (Id. at 8-9, 12.) He asserts that he was denied his constitutionally protected right to vote by the persons administering voting at Rikers. (Id. at 8.) He also claims that the Federal Defendants and other named defendants, including members of the New York City and New York State Boards of Elections, violated his constitutional rights by failing properly to oversee the voting process for persons in custody at Rikers and other New York City jails. (Id. at 9-10.)

As remedies, Plaintiff asks this Court to award him $600 million in compensatory damages, punitive damages, and legal fees for this action, and to issue injunctive relief requiring the City and State of New York to install, monitor, and maintain a voting system for New York inmates. (Id., "Relief," at 13.)

The Federal Defendants' Motion

The Federal Defendants' motion is supported by the Declaration of defendant Lawrence Norton, who is General Counsel of the FEC. Citing statutes under which the FEC operates, Norton proffers that the FEC has no responsibility for the oversight of elections and, instead, is responsible for the administration, interpretation and enforcement of certain campaign finance laws only. (Norton Declaration at ¶¶ 3, 4.) Norton further asserts that the Federal Defendants were not involved in the administration of the November 2004 general election in New York City or in the NYDOCS grievance procedures. (Id. at ¶¶ 7, 8.) Norton denies that the FEC has any authority "to regulate any jurisdiction's election administration, including but not limited to any jurisdiction's determinations as to where its polling places will be, when its deadlines for submitting absentee ballots will be, and what persons are eligible to vote or to register to vote." (Id. at ¶ 6.) In his opposition to the motion, Plaintiff principally disputes, without citation to relevant authority, Norton's assertion concerning the scope of the FEC's powers and

responsibilities. Because the Federal Defendants' motion relies upon matters outside of the Complaint, it is treated as one for summary judgment.

## DISCUSSION

Summary judgment shall be granted in favor of a moving party where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In the summary judgment context, a fact is material "if it 'might affect the outcome of the suit under the governing law,'" and "[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 69 (2d Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The Second Circuit has explained that the "party against whom summary judgment is sought . . . 'must do more than simply show that there is some metaphysical doubt as to the material facts . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (alteration and emphasis in original). "[M]ere conclusory allegations, speculation or conjecture," will not provide a sufficient basis for a non-moving party to resist summary judgment. Cifarelli v. Vill. of Babylon, 93 F.3d 47, 51 (2d Cir. 1996).

As the Norton Affidavit and the statutes cited therein demonstrate, the FEC is responsible for administering federal laws relating to campaign finance. Broadly speaking, the FEC regulates the amount of money political candidates can accept from donors and spend on their election campaigns under the Federal Election Campaign Act of 1971, as amended. See generally 2 U.S.C. 431 et seq; see also The Presidential Election Campaign Fund Act, 26 U.S.C. §§ 9001-9013;

The Presidential Primary Matching Payment Account Act, 26 U.S.C. §§ 9031-9042. Plaintiff's complaints regarding the Federal Defendants' alleged failure to ensure appropriate access to the polls for prisoners and detainees misapprehend the role of the FEC. Nothing within the FEC's jurisdiction concerns the administration of voting — the FEC has no oversight of the right to vote, voter registration, absentee ballots, or the facilitation and supervision of elections.[2]

Nothing in Plaintiff's opposition papers raises any genuine issue of material fact in this regard. Indeed, the two federal statutes he cites relate to election campaign finance and/or expenditure issues that are irrelevant to the election administration matters at issue in his Amended Complaint. The Federal Defendants are therefore entitled as a matter of law to summary judgment dismissing Plaintiff's claims against them insofar as he claims that they have violated his constitutional rights by failing to exercise authority over the administration of elections for New York City prisoners, a matter that is outside of the Federal Defendants' jurisdiction.

Nor has plaintiff proffered facts, either in his Amended Complaint or in response to the current motion practice, sufficient to support his claim that the Federal Defendants can be held liable for the alleged violations of Plaintiff's constitutional rights by the state and local defendants. Under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), federal government officials may be held liable in their individual capacities for violating a plaintiff's constitutional rights when a plaintiff alleges facts in his complaint, which if assumed to be true, demonstrate that the officials acted under the color of federal law to cause plaintiff's constitutional injury. See Butz v. Economou, 438 U.S. 478, 500-501 (1978). Such a claim, however, can be sustained only upon demonstration of the "personal involvement" of the individual defendants in violating the

---

[2] Plaintiff's error is understandable. The title of the agency — Federal Election Commission — does not indicate clearly the limitations of its authority.

Constitution. Barbera v. Smith, 836 F.2d 96, 99 (2d Cir. 1987). A plaintiff can only satisfy the "personal involvement" requirement by showing that an individual government actor "directly participated" in harming the plaintiff. Wallace v. Conroy, 945 F. Supp. 628, 637 (S.D.N.Y. 1996). Here, the Federal Defendants have proffered a declaration denying that they were involved in any way in the administration of the election procedures that Plaintiff challenges. Plaintiff has not tendered any evidence to controvert defendants' evidence. He makes no showing that the Federal Defendants had any presence whatsoever on Rikers Island at the time of the election or that they were in any way involved in the formulation or implementation of the challenged policies. The Federal Defendants are therefore entitled to summary judgment dismissing Plaintiff's claims against them in their entirety.

## CONCLUSION

For the foregoing reasons, the Court grants the motion of Defendants FEC Members David M. Mason, Karl Sandstrom, Scott E. Thomas, Bradley Smith, Danny Lee McDonald and Michael Toner as well as FEC Staff Director James A. Pehrkon, FEC General Counsel Lawrence Norton and FEC Inspector General Lynne A. McFarland for summary judgment dismissing the Amended Complaint as against each of them. The Federal Defendants' motion for an order staying discovery is denied as moot.

SO ORDERED.

Dated: New York, New York
November 16, 2005

LAURA TAYLOR SWAIN
United States District Judge